IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
RUBY JOAN SINGMASTER,           )
                                )
                Plaintiff,      )   CIVIL ACTION
                                )
v.                              )   No.  03-1331-MLB
                                )
FARMERS STATE BANK OF BLUE MOUND,)
a Kansas Corporation,           )
                                )
                Defendant.      )
                                )
```

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment. (Doc. 58.) Plaintiff, a past employee of defendant, asserts that defendant terminated her employment in violation of both the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. The motion has been fully briefed and is ripe for decision. (Docs. 59, 65, 71, 75, 78). Defendant's motion is granted in part and denied in part.

**I.   FACTS**

Plaintiff was employed by defendant beginning in 1989. Defendant is owned by Dale Sprague Enterprises, Inc., a Kansas corporation. Dale Sprague Enterprises is comprised of eight shareholders. Dale Sprague and his wife, Janice, jointly own approximately 75% of the shares, Lonnie Sprague owns approximately 25% of the shares, and each of the five directors owns five shares (these shares make up less than five percent). Dale Sprague, Janice Sprague and Lonnie Sprague all share in the profits and losses of the bank, make policy decisions and

sit on the board of directors.    (Docs. 59 at 2; exh. 5 at 5-8).

During the years 2001-02, defendant employed sixteen people. Plaintiff was employed as a teller in the Pleasanton branch. A teller's duties include serving customers, filing checks submitted for payment, encoding checks and serving customers at the drive-through window. A teller is required to stand for periods of time and walk through the bank. A teller must also balance her cash drawer on a daily basis. At times plaintiff made some mistakes in balancing her cash drawer. However, plaintiff was never disciplined for her actions. On several occasions, Dale Sprague met with plaintiff to discuss her performance because he observed that her performance and attitude were substandard. In 1999, defendant did not give plaintiff a raise based on these observations. (Docs. 59 at 3-5; 65 at 3-5).

Plaintiff was involved in a car accident on August 2, 2002, and sustained serious injuries. A few days after the accident, plaintiff's drawer did not reconcile with the Cash Balance Sheet she prepared. However, defendant did not take any disciplinary action. During a board meeting on September 18, 2002, the board members voted in favor of asking for her resignation. A letter informing her of the decision was dated October 25 and delivered on October 28. On October 25, 2002, plaintiff's doctor stated that she could return to work as tolerated with no restrictions. Plaintiff informed David Ungeheuer, her supervisor, of the doctor's release on October 25. On November 2, Dale Sprague informed plaintiff that the board's decision was final and she could not return to work. (Docs. 59 at 6-8; 65 at 6-8, 11-16).

**II.     SUMMARY JUDGMENT STANDARD: FRCP 56**

Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment. Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

## III. ANALYSIS

A. ADEA Claim

29 U.S.C. § 623 provides:

> It shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 630(b) defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees." Defendant asserts that it has less than twenty employees and,

therefore, plaintiff's ADEA claim fails.[1]  The Supreme Court recently held:

> We are persuaded by the EEOC's focus on the common-law touchstone of control and specifically by its submission that each of the following six factors is relevant to the inquiry whether a shareholder-director is an employee: Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; Whether and, if so, to what extent the organization supervises the individual's work; Whether the individual reports to someone higher in the organization; Whether and, if so, to what extent the individual is able to influence the organization; Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; [and] Whether the individual shares in the profits, losses, and liabilities of the organization.
>
> As the EEOC's standard reflects, an employer is the person, or group of persons, who owns and manages the enterprise. The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the business are to be distributed.  The mere fact that a person has a particular title--such as partner, director, or vice president--should not necessarily be used to determine whether he or she is an employee or a proprietor.  Nor should the mere existence of a document styled "employment agreement" lead inexorably to the conclusion that either party is an employee. Rather, as was true in applying common-law rules to the independent-contractor-versus-employee issue confronted in <u>Darden</u>, the answer to whether a shareholder-director is an employee depends on all of the incidents of the relationship with no one factor being decisive.

<u>Clackamas Gastroenterology Assocs., P. C. v. Wells</u>, 538 U.S. 440, 449-451, 123 S.Ct. 1673, 1680-1681 (2003)(internal citations omitted).

Applying this six-factor test, the court concludes that Dale

---

[1] Both parties agree that defendant had 16 employees at the relevant time.  At issue is whether Dale Sprague, Janice Sprague, Lonnie Sprague and Jo Helen Sprague are employees and, if so, defendant can be considered a covered employer under the ADEA.  At times the parties seem to be in disagreement about whether the total number, if all persons were found to be employees, is nineteen or twenty.  However, this dispute is irrelevant if one of the four people in question is not an employee for purposes of the ADEA.

-4-

Sprague is an employer and not an employee. Dale Sprague makes all of the hiring and firing decisions, he shares in all of the profits and losses and he determines the bank's policies. In theory, the only entity that Dale Sprague must answer to is the board of directors. In practical fact, however, he answers only to himself because he and his wife jointly own nearly three-fourths of the corporation. Plaintiff argues that there is a question of fact regarding whether Dale Sprague is an employer or employee because the board of directors has the authority to vote to terminate Dale, Mary Janice or Lonnie Sprague. (Doc. 65 at 19-20). Plaintiff does not explain, and the court cannot envision, a set of facts under which a jury would be required to determine whether a director who jointly owns 75% of a corporation can be terminated by a vote of the minority shareholders. Someone must be an employer under the Clackamas test. Who else would it be if not Dale Sprague? Dale Sprague meets the definition of employer set out by the Supreme Court and, accordingly, plaintiff's claim for age discrimination in violation of the ADEA must fail.

Defendant's motion for summary judgment as to plaintiff's ADEA claim is GRANTED.

B.   ADA Claim

In order to succeed on her ADA claim, plaintiff must show that "(1) she is disabled within the meaning of the ADA, (2) she is able to perform her essential job functions with or without reasonable accommodation, and (3) [defendant] discriminated against her in [its] employment decisions because of her alleged disability. Croy v. Cobe Laboratories, Inc., 345 F.3d 1199, 1203-1204 (10th Cir. 2003). For the purposes of this motion, defendant does not contest the first

element.

The parties dispute virtually all the facts which relate to elements (2) and (3). Some of the facts in dispute are material; some are not. Nonetheless, the court is satisfied that a jury must decide the issues pertaining to plaintiff's ADA claim. Accordingly, defendant's motion for summary judgment as to plaintiff's ADA claim is DENIED.

    IT IS SO ORDERED.

    Dated this   30th   day of June 2005, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE