## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

```
RUBY JOAN SINGMASTER,           )
                                )
                 Plaintiff,     )    CIVIL ACTION
                                )
v.                              )    No.  03-1331-MLB
                                )
FARMERS STATE BANK OF BLUE MOUND,)
a Kansas Corporation,           )
                                )
                 Defendant.     )
                                )
```

### MEMORANDUM AND ORDER

Before the court are the following:

1) Plaintiff's motion in limine (Doc. 85), memorandum in support (Doc. 86), defendant's response (Doc. 96) and plaintiff's reply (Doc. 97); and

2) Defendant's motion in limine (Doc. 88), memorandum in support (Doc. 89), plaintiff's response (Doc. 90) and defendant's reply (Doc. 105).

All parties seek to prohibit the admission of certain evidence at trial. To the extent it can with the information before it, the court will briefly rule on each motion. The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself.").

#### Plaintiff's motion in limine

A. Evidence of plaintiff's age discrimination claim

The parties agree that this evidence should not be admitted at trial.

B.  Evidence of subsequent conduct of defendant in terminating employees

Sustained. Fed. R. Evid. 403.

C.  Evidence of unemployment compensation, personal injury protection (PIP) benefits and corresponding documents

Plaintiff asserts that her benefits are inadmissible under the collateral source rule and that they are irrelevant to the ultimate issue of whether she was a qualified individual at the time of her termination. Defendant responds that it will offer Dr. Page's Health Care Provider's Certification created for purposes of plaintiff's workers' compensation claim, dated April 11, 2003, in support of its position that plaintiff was not a qualified individual on October 25, 2002. The form states that plaintiff became unable to work on August 2.[1] Defendant will also offer evidence that plaintiff applied for

---

[1] Defendant states that the admissibility of any unemployment benefits is within the court's discretion, citing Daniel v. Loveridge, 32 F.3d 1472, 1478, n. 4 (10th Cir. 1994). Daniel, however, rejected the contention that any back pay award should be reduced by unemployment compensation received by the state. In doing so, Daniel cited EEOC v. Sandia Corp., 639 F.2d 600, 624-25 (10th Cir. 1980), which held that the offset of unemployment benefits may result in a windfall to the employer since the state, not the employer pays the benefits. If the court reduced the amount of benefits by the unemployment compensation, the employer would be unjustly enriched, except to the extent of the amount it paid in contributions to the fund. Id. Since Sandia failed to make an argument based on its contributions to the fund, the court did not consider any potential contributions. Neither court considered whether the evidence was admissible during trial, but rather whether the court could exercise discretion in reducing an award of back pay to a successful plaintiff.
    However, the amount of an award of back pay to a successful plaintiff is within the court's discretion. Daniel, 32 F.3d 1477.

-2-

personal injury protection under her automobile insurance on August 12, November 13, 2002 and January 29, 2003. In order to qualify for PIP benefits, plaintiff had to be unable to engage in available and appropriate gainful activity. Defendant does not assert that the amount of benefits plaintiff received is admissible.

Plaintiff argues that the information is irrelevant since the standards for receiving benefits under workers' compensation and PIP benefits are different from the standard under the ADA. The receipt of those benefits does not consider whether plaintiff could work if provided with reasonable accommodation. In answering a similar question, the Tenth Circuit determined that a plaintiff's statement in conjunction with workers' compensation benefits "may constitute evidence relevant to a determination of whether the plaintiff is a 'qualified individual with a disability,'" even though the standards under workers' compensation and the ADA are different. Aldrich v. Boeing Co., 146 F.3d 1265, 1269 (10th Cir. 1998). Accordingly, the court finds that the evidence is relevant on the issue of whether plaintiff was a qualified individual at the time of her termination. The evidence also bears on plaintiff's credibility. Id. Plaintiff asserts that these statement would confuse the jury since the standards under workers' compensation and PIP are different from the ADA. The court disagrees. The jury will be instructed on the law under the ADA and plaintiff is free to introduce evidence of the differing standards under workers' compensation and PIP.

---

Should plaintiff succeed on her claim, the court will consider whether the amount of unemployment compensation will be deducted from the award of back pay. The amount of unemployment compensation, however, is not admissible during trial.

Plaintiff's motion is denied.[2]

### Defendant's motion in limine

A. Evidence of the telephone conversation between plaintiff and Sprague

The content of this conversation (Doc. 90 at 2-4) is relevant to the issue of whether plaintiff was terminated because of her disability. Defendant's motion is denied, with the exception of references to plaintiff's age, which shall be excised.

B. Evidence of the relativity of the parties in size, worth or access to resources

Plaintiff does not contest the exclusion of this evidence.

C. Comments on failure to call witnesses

Plaintiff does not contest the exclusion of this evidence.

D. Opinion testimony on the ultimate issues

Defendant seeks to exclude a physician's evidence on whether plaintiff was a qualified individual with a disability at the time of her termination. Defendant asserts that plaintiff's primary physician was not designated as an expert and cannot opine as to this issue. Plaintiff responds that Dr. Page, her treating physician, will testify about the facts and circumstances surrounding plaintiff's treatment

---

[2] The court, however, is not ruling that all of the documents contained in plaintiff's exhibits are admissible on this issue. The court's decision is only as to the documents defendant has identified that it will offer during trial. Any other document or testimony that defendant proffers during trial will be considered at that time.

-4-

and diagnosis. As long as Dr. Page is testifying regarding treatment and care issues about which he has personal knowledge, he is not considered an expert witnesses.  "A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." <u>Davoll v. Webb</u>, 194 F.3d 1116, 1138 (10th Cir. 1999).  Plaintiff, of course, may testify regarding her own condition.  Defendant's motion is denied.

E.  Evidence of settlement discussions
    Plaintiff does not contest the exclusion of this evidence.

F.  Evidence of defendant's net worth
    Plaintiff does not contest the exclusion of this evidence.

G.  Evidence of this motion
    Plaintiff does not contest the exclusion of this evidence.

IT IS SO ORDERED.
Dated this ___10th___ day of April 2006, at Wichita, Kansas.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE